UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
AUG 13 2026
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

Plaintiff,

v.

ELDAR ZARBAVEL,

Defendant.

Hon. Judith E. Levy

Case No. 5:26-cr-20388-JEL-EAS

---

**PLEA AGREEMENT**

The United States of America, by and through the United States Department of Justice, Criminal Division, Fraud Section (collectively, the "Office" or "government"); and the defendant, Eldar Zarbavel (the "defendant" or "Zarbavel"), have reached a plea agreement under Rule 11 of the Federal Rules of Criminal Procedure. The plea agreement's terms are:

**1. Count of Conviction**

Zarbavel will plead guilty to Count 1 of the Information. Count 1 charges Zarbavel with Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h).

**2. Statutory Maximum Penalties**

The defendant understands that his guilty plea carries the following maximum statutory penalties:

| | | |
|---|---|---|
| Count 1 | Term of imprisonment: | 20 years |
| | Fine: | $500,000 or twice the value of the involved monetary instruments or funds |
| | Term of supervised release: | 3 years |

**3. Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes a sentence consistent with its terms, the Office will not bring additional charges against the defendant for the conduct reflected in the factual basis of this Rule 11 Plea Agreement.

**4. Elements of Counts of Conviction**

The elements of Count 1 are:

First: That two or more people agreed to accomplish a common and unlawful plan to violate 18 U.S.C. § 1956, as charged in the Information ; and

Second: The defendant knew about the plan's unlawful purpose and voluntarily joined it.

**5. Indictment Waiver**

The defendant will waive the right to be charged by way of indictment before a federal grand jury.

## 6. Factual Basis

The parties agree that the following facts are true; accurately describe the defendant's role in the offenses; and provide a sufficient factual basis for the defendant's guilty plea:

Beginning in or around June 2024, and continuing through in or around July 2024, in the Eastern District of Michigan and elsewhere, the defendant, Eldar Zarbavel, along with others, did knowingly and willfully agree to participate in, and did participate in, a conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).

Royce Medical Supply, LLC ("RMS") was a durable medical equipment ("DME") company that was enrolled in the Medicare program. RMS was first opened as a Florida corporation in or around July 2022. RMS was a participating provider with Medicare, and billed for services around the country, including purported services to Medicare beneficiaries within the Eastern District of Michigan. RMS was one of multiple DME companies around the country in whose name false and fraudulent claims in the amount of at least $1.42 billion to Medicare, Medigap Supplemental Insurers, and other health insurance programs for continuous glucose monitors, urinary catheters and other DME that was not actually dispensed, in an attempt to obtain reimbursement payments. The operation of this scheme was

organized and administered by a broad network of individuals around the country ("the Organization").

In or around the spring of 2024, Zarbavel was solicited by a member of the Organization ("Person 1") to facilitate the movement of fraud proceeds reimbursed by supplemental insurers to RMS. Zarbavel resided in northeast Ohio. Person 1 requested that Zarbavel assist in creating an Ohio branch of RMS, open bank accounts, and then deposit reimbursements from supplemental insurers into those accounts, from which the funds would then be further moved. Zarbavel at first declined, and directed Person 1 to another individual, Person 2, to establish RMS as an Ohio corporation and set up the accounts. Person 2 agreed to assist, and registered RMS as an Ohio corporation, and opened bank accounts at regional banks. Subsequently, Zarbavel was reapproached by Person 1, who requested that Zarbavel make deposits of large supplemental insurer reimbursement checks, and Zarbavel agreed. Between June and July 2024, Zarbavel was responsible for facilitating the deposit, transfer, and withdrawal of illicit proceeds totaling up to approximately $3.4 million.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for the defendant's guilty plea to the charge against him. It does not include all of the facts known to him concerning criminal activity which

he and others engaged. The defendant makes this statement knowingly and voluntarily and because he is in fact guilty of the crimes charged.

**7. Advice of Rights**

The defendant has read the Information; has discussed the charges and any possible defenses with his attorney; and understands the crime for which he is charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to the assistance of an attorney at every critical stage of the proceedings, including trial;

D. The right to an appointed attorney, if the defendant cannot afford to retain one;

E. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

F. The right to confront and cross-examine adverse witnesses at trial;

G. The right to testify or not to testify at trial, whichever the defendant chooses;

H. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

I. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

J. The right to compel the attendance of witnesses at trial.

**8. Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States; denied citizenship; and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on his immigration status; naturalized citizenship; right to vote; right to carry a firearm; right to serve on a jury; and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including his attorney or the Court, can predict to a certainty what the additional consequences of his conviction might be. The defendant, nevertheless, affirms that he chooses to plead guilty regardless of any immigration or other consequences from his conviction.

**8. Defendant's Guideline Range**

**A. Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if his offense level is 16 or greater and he is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for his acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph; will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1; and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties recommend that the following guideline provisions apply to the defendant's guideline calculation on Count 1:

- USSG Section 2S1.1(a): Base Offense Level of 8
- USSG Section 2B1.1(b)(1)(I): Loss Greater Than $1,500,000 but Less Than $3,500,000 (add 16 Levels)
- USSG Section 2S1.1(b)(2)(B): Conviction under § 1956 (add 2 levels)

**D. Factual Stipulations for Sentencing Purposes**

The parties stipulate and agree that, for purposes of determining the applicable sentencing guidelines range, the loss amount attributable to the defendant's conduct is $3,400,000.00.

**E. Parties' Obligations**

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C or 8.D. Other than the guideline recommendations and stipulations in those paragraphs, however, neither party is restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

**F. Not a Basis to Withdraw**

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations in paragraphs 8.B or 8.C. Likewise, the government has

no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

**9. Imposition of Sentence**

**A. Court's Obligation**

Defendant Zarbavel understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a); and apply any applicable mandatory minimums.

**B. Imprisonment**

**1. Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment be within the guidelines range as determined by the Court.

**2. No Right to Withdraw**

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. Likewise, the government has no right to withdraw from this agreement if the Court decides not to follow the government's

recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

**C. Supervised Release**

**1. Recommendation**

The parties do not agree on a recommendation to the Court for the period of time concerning the imposition of a supervised release.

**2. No Right to Withdraw**

The parties' recommendation is not binding on the Court. Defendant Zarbavel understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

**D. Fines**

There is no recommendation or agreement as to a fine.

**E. Restitution**

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The

Court will determine at sentencing who the victims are and the amounts of restitution they are owed, if any.

**F. Forfeiture**

The defendant agrees, pursuant to 18 U.S.C. § 982(a)(2)(A), to forfeit any interest he may have in property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of his violation of 18 U.S.C. § 1956.

In addition, defendant agrees to the entry of a forfeiture money judgment against him in favor of the United States in the amount of $100,000, representing the total value of the property subject to forfeiture for defendant's violation of Count 1 of the Information, to the extent such value is not satisfied by the specific forfeitures set forth above.

Defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of defendant. To satisfy the money judgment, defendant explicitly agrees to the forfeiture of any assets as he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following his guilty plea, upon application by the United

States as mandated by Federal Rule of Criminal Procedure 32.2. The defendant agrees that the forfeiture order will become final as to him at the time entered by the Court.

The defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the court to advise him of his rights with respect to forfeiture, set forth in Federal Rule of Criminal Procedure 11(b)(1)(J). The defendant also expressly waives his right to have a jury determine the forfeitability of his interest in the above identified property, as provided by Rule 32.2(b)(5).

The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant agrees to hold the United States and its agents and employees harmless from any claims whatsoever in connection with the seizure and forfeiture of any property referenced above.

### G. Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10. Exclusion from the Medicare Program and Other Federal Health Care Programs

The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all Federal health care programs. Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

## 11. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If his sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 12. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel, as long as the defendant properly raises those claims by collateral review

under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**13. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea, or if his conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying his guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**14. Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the

government may use his guilty plea, any statement that he made at his guilty plea hearing, and the factual basis set forth in this agreement, against him in any proceeding.

**15. Parties to Plea Agreement**

This agreement does not bind any government agency except the Office, as defined herein.

**16. Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant, or to his attorney, at any time before the defendant pleads guilty are binding, except to the extent that they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative action against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 17. Acceptance of Agreement by Defendant

Unless this agreement has been fully signed by the defendant and received by the United States Attorney's Office before 5:00 PM on July 24, 2026, the government may withdraw from this agreement at any time before the defendant pleads guilty.

JEROME F. GORGON JR.
United States Attorney
Eastern District of Michigan

JOHN NEAL
Chief, Anti-Corruption Unit
United States Attorney's Office
Eastern District of Michigan

LORINDA LARYEA
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

JACOB FOSTER
Acting Chief, Health Care Fraud Unit
Criminal Division, Fraud Section
U.S. Department of Justice

s/ Brant Cook
BRANT COOK
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (202) 748-1224
Email: brant.cook@usdoj.gov

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

John McManus July 27, 2026
Attorney for Defendant

Eldar Zarbavel
Defendant

Dated: July 27, 2026